IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES T. JORDAN, ) | |
| AIS #124614, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-968-TMH |
| ) | [WO] |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, James T. Jordan ["Jordan"], a state inmate, challenges the constitutionality of his confinement pursuant to sentences imposed upon him in 1979 and 1980 by the Circuit Court of Cherokee County, Alabama and the Circuit Court of DeKalb County, Alabama.[1]  Specifically, Jordan argues he is improperly incarcerated on the aforementioned Alabama sentences as he should have received credit for time served on such sentences during his incarceration within the Georgia Department of Corrections on a sentence subsequently imposed by the State of Georgia.  *Plaintiff's Complaint - Court Doc. No. 1* at 2-3.  Jordan names the State of Alabama and the Alabama Department of Corrections as defendants in this cause of action.  He seeks monetary damages for having

---

[1] The evidentiary materials submitted by the plaintiff demonstrate that these sentences total seventeen (17) years of incarceration.

"been held illegally by the defendants." *Id.* at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## II.  DISCUSSION

### A.  The Named Defendants

The law is well-settled that a state and its agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Any claims lodged against the State of Alabama or the Alabama Department of Corrections are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]  Consequently, the claims presented by Jordan against the named defendants are subject to summary dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

### B.  The Claim for Relief

Jordan asserts he is improperly incarcerated on sentences imposed by the state courts

---

The court entered an order granting Jordan leave to proceed *in forma pauperis* in this cause of action. *Order of November 16, 2010 - Court Doc. No. 3*. Consequently, Jordan must have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

in 1979 and 1980 as these sentences have expired. Thus, the claims presented to this court go to the fundamental legality of the length of Jordan's current incarceration and, therefore, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [made the basis of his current incarceration]." 512 U.S. at 487. The Court emphasized that federal "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can

3

demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus filed in accordance with the directives of 28 U.S.C. § 2254. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Jordan challenges the constitutionality of his current incarceration pursuant to sentences imposed upon him by the Circuit Court of Cherokee County, Alabama on December 3, 1979 and the Circuit Court of DeKalb County, Alabama on March 3, 1980. *Plaintiff's Attachment to the Complaint (Inmate Summary Sheet) - Court Doc. No. 1-1* at 7. A judgment in favor of Jordan on this complaint would necessarily imply the invalidity of the length of his incarceration. It is clear from the records of this court that the sentences and resulting confinement about which the plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*,

4

411 U.S. 475, 488-490 (1973).[4]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further

ORDERED that on or before December 6, 2010 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

---

[4] The plaintiff is advised that if he seeks to challenge the terms and/or lengths of the sentences imposed upon him by the Circuit Court of Cherokee County, Alabama and the Circuit Court of DeKalb County, Alabama, he may do so by filing a 28 U.S.C. § 2254 petition for habeas corpus relief in the United States District Court for the Northern District of Alabama.

5

handed down prior to the close of business on September 30, 1981.

Done this 17th day of November, 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE